UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| State Farm Fire and Casualty Company, )<br>)<br>                    Plaintiff, )<br>      vs. )<br>Derwin Sykes, Loraina Chapman, April Conway, )<br>Bruce Goodman, Johnnie Goodman, Sr., Johnnie )<br>Goodman, Jr., Linda Hunter, Lynette Hurt-Hatter, )<br>Kristy Jackson, Kenyatta Miller, Janel Sykes, )<br>Loretta Turnbow, Gary Lappin, and Allied )<br>& Associates, Inc., )<br>                  Defendants. ) | Civil Action No. 2:11-cv-10710<br><br>Honorable David M. Lawson |

**PLAINTIFF'S MOTION TO DISMISS DEFENDANT
LYNETTE HURT-HATTER'S COUNTERCLAIM, OR
IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

Plaintiff State Farm Fire and Casualty Company ("State Farm") hereby moves pursuant to Fed. R. Civ. P. 12(b)(6) for an Order dismissing the Counterclaim filed by defendant Lynette Hurt-Hatter ("Hurt-Hatter") for failure to state a claim upon which relief can be granted, or in the alternative, with respect to the second count of the Counterclaim, for a more definite statement pursuant to Fed. R. Civ. P. 12(e). This motion is based on the accompanying brief, which is incorporated herein.

Respectfully submitted,

/s/ Patrick C. Harrigan
ROSS O. SILVERMAN
GIL M. SOFFER
PATRICK C. HARRIGAN
Katten Muchin Rosenman LLP
525 West Monroe Street, Suite 1900
Chicago, IL  60661-3693
(312) 902-5200
patrick.harrigan@kattenlaw.com

MORLEY WITUS (P30895)
Barris, Sott, Denn & Driker, P.L.L.C.
211 West Fort Street, 15th Floor
Detroit, MI  48226-3281
(313) 596-9308
mwitus@bsdd.com

Attorneys for Plaintiff State Farm Fire and Casualty Company

Dated:  April 14, 2011

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| State Farm Fire and Casualty Company, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>Derwin Sykes, Loraina Chapman, April Conway, )<br>Bruce Goodman, Johnnie Goodman, Sr., Johnnie )<br>Goodman, Jr., Linda Hunter, Lynette Hurt-Hatter, )<br>Kristy Jackson, Kenyatta Miller, Janel Sykes )<br>Loretta Turnbow, Gary Lappin, and Allied )<br>& Associates, Inc., )<br>Defendants. ) | Civil Action No. 2:11-cv-10710<br><br>Honorable David M. Lawson |

**BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION TO DISMISS
DEFENDANT LYNETTE HURT-HATTER'S COUNTERCLAIM,
<u>OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT</u>**

**ISSUES PRESENTED**

(1) Whether Hurt-Hatter's Counterclaim properly states a claim for abuse of process under Michigan law when it fails to allege any ulterior purpose or any conduct by State Farm beyond the filing of the Complaint and issuance of the summons.

(2) Whether Hurt-Hatter's Counterclaim properly states a claim for slander under federal pleading standards and Michigan law when it fails to allege the identity of the speaker, when or where the statement was made, to whom the statement was made, or any other circumstances surrounding the statement.

(3) Alternatively, whether Hurt-Hatter's slander claim is so vague that State Farm cannot prepare a response.

## CONTROLLING/MOST APPROPRIATE AUTHORITIES

Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(e)

*Ashcroft v. Iqbal*, 556 U.S. \_\_\_, 129 S.Ct. 1937 (2009)

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)

*Friedman v. Dozorc*, 412 Mich. 1, 312 N.W.2d 585 (Mich. 1981)

*Bonner v. Chicago Title Ins. Co.*, 487 N.W.2d 807 (Mich. Ct. App. 1992)

*Williams v. Detroit Bd. of Education*, 523 F. Supp. 2d 602 (E.D. Mich. 2007)

*Pursell v. Wolverine-Pentronix, Inc.*, 44 Mich. App. 416, 205 N.W.2d 504 (1973)

**INTRODUCTION**

State Farm has filed this action seeking redress for a long-running arson scheme to defraud State Farm and other insurance carriers. The defendants -- who are linked to one another by blood, marriage, friendship, business association, or other relationship -- perpetrated the scheme by submitting fraudulent insurance claims for fires that were deliberately set. One of the defendants is Lynette Hurt-Hatter, who submitted a claim to State Farm for a fire occurring on March 26, 2009. (Doc. 1. ¶ 61, Appx. A, Item 11.) Hurt-Hatter has now filed a two-count counterclaim (the "Counterclaim") against State Farm asserting claims for abuse of process and slander. (Doc. 22.)

Both counts of the Counterclaim fail to plead a cause of action under Michigan law. Hurt-Hatter's abuse of process claim alleges only that State Farm filed its Complaint and served her with process, which by itself is insufficient to state a claim for abuse of process. Hurt-Hatter's slander count also fails to state a claim upon which relief can be granted, because it lacks any of the necessary details about the allegedly defamatory statement that Michigan law requires a litigant to plead. Since neither count states a claim, both should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). In the alternative, State Farm seeks an Order for a more definite statement with respect to Hurt-Hatter's slander Counterclaim pursuant to Fed. R. Civ. P. 12(e).

Pursuant to Local Rule 7.1, counsel for State Farm has conferred with the attorney for Ms. Hurt-Hatter and explained the nature of the motion and its legal basis. Counsel for State Farm requested, but did not obtain, concurrence in the relief sought in this motion.

**LEGAL STANDARD**

Under Fed. R. Civ. P. 12(b)(6), a litigant must plead "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.  Thus, although "a complaint need not contain 'detailed' factual allegations, its '[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir.2007) (quoting *Twombly*, 550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

**I.     Hurt-Hatter's Abuse of Process Claim Must Be Dismissed Because It Fails to Plead the Elements of the Cause of Action.**

To recover for abuse of process, a plaintiff must plead and prove (1) an ulterior purpose, and (2) an act in the use of process that is improper in the regular prosecution of the proceeding. *Friedman v. Dozorc*, 412 Mich. 1, 312 N.W.2d 585, 595 (Mich. 1981).  Because Hurt-Hatter has failed to allege any factual matter to support either element, her abuse of process claim must be dismissed. *Iqbal*, 129 S.Ct. at 1949.

**A.     Hurt-Hatter Has Not Alleged that State Farm Had An "Ulterior Purpose" In Using the Court's Process.**

Hurt-Hatter has failed to allege that State Farm had an "ulterior purpose" in using the Court's process. *Id*.  To properly plead a claim for abuse of process, a litigant must allege that the defendant "has used a proper legal procedure for a purpose collateral to the intended use of that procedure." *Bonner v. Chicago Title Ins. Co*., 487 N.W.2d 807, 812 (Mich. Ct. App. 1992) (citing *Vallance v. Brewbaker*, 161 Mich. Ct. App. 642, 646, 411 N.W.2d 808 (1987); *see also Sage Intern., Ltd. v. Cadillac Gage Co*., 556 F. Supp. 381, 388-89 (E.D. Mich. 1982) (defendant must be alleged to have some "collateral, ulterior objective" beyond the "ostensible purpose" of bringing the action).

2

Moreover, an allegation that a litigant used process with malice, out of spite, or with an improper motive does not satisfy the element of an ulterior purpose. *Id.* (citing *Restatement (Second) of Torts*, § 682 ("[E]ven a pure spite motive is not sufficient where process is used only to accomplish the result for which it was created.")); *Bonner*, 487 N.W.2d at 812 ("A bad motive alone will not establish an abuse of process.").

Hurt-Hatter has not alleged that State Farm had any collateral or ulterior purpose beyond the ostensible purpose of filing its lawsuit, i.e., seeking redress for the alleged fraud scheme. Instead, she alleges only that State Farm acted with the improper motive to "maliciously attack Hatter's character and reputation." (Doc. 22 ¶ 126.) That allegation is insufficient to supply the "ulterior purpose" required under Michigan law to state a claim for abuse of process. *Sage Intern.*, 556 F. Supp. at 388-89. Because Hurt-Hatter has failed to allege that State Farm possessed some collateral, ulterior purpose in using the Court's process, her claim must be dismissed.

      **B.**    **Hurt-Hatter Fails to Allege that State Farm Used Process in Any Manner Beyond the Mere Filing and Service of State Farm's Complaint and Summons.**

Even if Hurt-Hatter were to properly allege that State Farm had some "ulterior purpose," her claim for abuse of process would still fail as matter of law because the only acts of which she complains are the filing of the Complaint and the issuance of the summons. Under Michigan law, those acts cannot serve as the predicate for an abuse of process claim. It is well settled that an abuse of process action is appropriate only "for the improper use of process *after* it has been issued, not for maliciously causing it to issue." *Friedman v. Dozorc*, 412 Mich. 1, 31, 312 N.W.2d 585, 595 (1981) (emphasis added.) Accordingly, the mere filing of a complaint and summons cannot serve as the predicate for an abuse of process claim because "the abuse of process tort in Michigan law addresses *subsequent* misconduct or abuse of proceedings, which occurs after the process has been initiated."

3

*DirecTV v. Zink*, 286 F.Supp.2d 873, 875 (E.D. Mich. 2003) (citing *Friedman*, 412 Mich. at 31) (emphasis original).  Here, the only conduct Hurt-Hatter alleges is that State Farm "caus[ed] the summons and complaint to issue." (Doc. 22 ¶ 126.)

Because Hurt-Hatter has not alleged that State Farm committed any acts beyond the mere filing of the complaint and obtaining the issuance of a summons, much less any acts undertaken to serve some ulterior purpose, the abuse of process claim must be dismissed.

### II. Hurt-Hatter's Claim For Slander Fails Because It Does Not Allege *Any* Facts Regarding the Circumstances of the Alleged Defamatory Statement.

Although it parrots the required elements of defamation and includes a purported quotation, Hurt-Hatter's slander claim offers not a shred of factual matter regarding the identity of the alleged speaker, when or where the statement was made, to whom it was said, or any other circumstances regarding the statement.  These omissions are fatal under both the federal pleading standard, which requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," *Twombly*, 127 S.Ct. at 1964-65, and under Michigan defamation law, which requires specificity as to the circumstances surrounding the publication of the allegedly defamatory statement.  *Williams v. Detroit Bd. of Educ.*, 523 F. Supp. 2d 602, 606 (E.D. Mich. 2007), *aff'd* 306 F. App'x 943, 947 (6th Cir. 2009).

To state a claim for defamation under Michigan law, a plaintiff must allege: (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged publication to a third party; (3) fault amounting to at least negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. *Id.* (citing *Rouch v. Enquirer & News of Battle Creek*, 440 Mich. 238, 251, 487 N.W.2d 205, 211 (1992)).

Michigan law further requires that claims for defamation be pleaded with specificity.  "The essentials of a cause of action for libel or slander must be stated in the complaint, including allegations as to the particular defamatory words complained of, the connection of the defamatory words with the plaintiff where such words are not clear or are ambiguous, and the publication of the alleged defamatory words." *Pursell v. Wolverine-Pentronix, Inc*., 44 Mich. Ct. App. 416, 421, 205 N.W.2d 504, 507 (1973) (quoting 11 Callaghan's *Mich. Pleading & Practice* (2d ed.) § 78.09); s*ee also Williams,* 523 F. Supp. 2d at 606 (E.D. Mich. 2007) ("A plaintiff must plead his defamation claim with specificity, and cannot rely on general, conclusory allegations").  Specifically, a party alleging slander or libel must "allege where, when, [and] to whom th[e] statement was published." *Sault Ste. Marie Tribe of Chippewa Indians v. Hamilton*, No. 2:09-CV-95, 2010 WL 299483, at *3 (W.D. Mich. Jan. 20, 2010) (quoting *Hernden v. Consumers Power Co*., 72 Mich. Ct. App. 349, 356, 249 N.W.2d 419, 422 (1976)).

The Counterclaim fails to provide any of the specifics required by Michigan law or federal pleading standards.  Instead, Hurt-Hatter merely parrots the elements of defamation and alleges that "State Farm, its employees and or servants, in the presence and hearing of several persons, maliciously spoke of and concerning Hatter, the following false and defamatory words."  (Doc. 22 ¶ 132.)  Hurt-Hatter does not allege (1) who among State Farm's "employees and or servants" made the alleged statement; (2) where the statement was made; (3) when the statement was made; (4) the identity of the "several persons" who heard the statement, or (5) any other circumstances regarding the publication of the allegedly defamatory statement.  In short, Hurt-Hatter has not alleged the bare minimum of the "where, when, [and] to whom th[e] statement was published." *Id.*  Her claim for slander must therefore be dismissed.

5

### III. In the Alternative, Hurt-Hatter Should Be Ordered to Provide A More Definite Statement Of Her Slander Claim.

If the Court chooses not to dismiss the slander claim outright, Hurt-Hatter should be required to provide a more definite statement setting forth facts showing why she is entitled to relief. Fed. R. Civ. P. 12(e) permits a party to move for a more definite statement when the opposing party's pleadings are "so vague or ambiguous that the party cannot reasonably prepare a response." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Hurt-Hatter's slander claim is too vague for State Farm to prepare a response.

State Farm cannot reasonably respond to Hurt-Hatter's claim for slander without knowing, at a minimum, who among State Farm's employees and agents allegedly made the statement and to whom it was spoken. Because Hurt-Hatter's claim for defamation is, at best, a "threadbare recital[] of the elements of a cause of action," *Iqbal*, 129 S.Ct. at 1949, Hurt-Hatter should be ordered to provide at least some degree of specificity to raise her right to relief beyond the speculative level. *See Parker v. Federal Express Corp.*, No. 09-15063, 2010 WL 2510984, at *2 (E.D. Mich. Jun. 17, 2010) (granting Rule 12(e) motion where complaint merely recited the elements of the cause of action) (citing *Iqbal*).

### IV. Conclusion

For the foregoing reasons, State Farm respectfully requests that both counts of the Counterclaim be dismissed.

                                                 Respectfully submitted,

                                                 /s/ PATRICK C. HARRIGAN
                                                 ROSS O. SILVERMAN
                                                 GIL M. SOFFER
                                                 PATRICK C. HARRIGAN
                                                 Katten Muchin Rosenman LLP
                                                 525 West Monroe Street, Suite 1900
                                                 Chicago, IL 60661-3693
                                                 (312) 902-5200
                                                 ross.silverman@kattenlaw.com
                                                 gil.soffer@kattenlaw.com
                                                 patrick.harrigan@kattenlaw.com

                                               MORLEY WITUS (P30895)
                                                 Barris, Sott, Denn & Driker, P.L.L.C.
                                               211 West Fort Street, 15th Floor
                                               Detroit, MI 48226-3281
                                               (313) 596-9308
                                               mwitus@bsdd.com

                                             Attorneys for Plaintiff State Farm Fire and Casualty Company

Dated: April 14, 2011

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 14, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.  I further certify that I deposited copies of the same in the U.S. Mail, first-class postage pre-paid, to be served on the following defendants who have appeared in this action without counsel:

      April Conway                    Loretta Turnbow
      3030 W. Parkway Ave.          4017 Burgess
      Flint, MI 48504                 Flint, MI 48504


/s/ PATRICK C. HARRIGAN
Katten Muchin Rosenman LLP
525 West Monroe Street, Suite 1900
Chicago, IL  60661-3693
(312) 902-5200
patrick.harrigan@kattenlaw.com


/50650655