UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| State Farm Fire And Casualty Company, )<br>  )<br>  Plaintiff, )<br>  vs. )<br>  )<br> Derwin Sykes, Loraina Chapman, April Conway, )<br> Bruce Goodman, Johnnie Goodman, Sr., Johnnie )<br> Goodman, Jr., Linda Hunter, Lynette Hurt-Hatter, )<br> Kristy Jackson, Kenyatta Miller, Janel Sykes, )<br> Loretta Turnbow, Gary Lappin, and Allied )<br> & Associates, Inc., )<br>  Defendants. ) | Civil Action No. 2:11-cv-10710<br><br>Honorable David M. Lawson |

## **PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Plaintiff State Farm Fire and Casualty Company ("State Farm") hereby moves pursuant to Fed. R. Civ. P. 15(a) for leave to file an Amended Complaint. This motion is based upon the accompanying brief and exhibits, which are incorporated herein.


Respectfully submitted,


/s/ Gil M. Soffer
ROSS O. SILVERMAN
GIL M. SOFFER
PATRICK C. HARRIGAN
Katten Muchin Rosenman LLP
525 West Monroe Street, Suite 1900
Chicago, IL  60661-3693
(312) 902-5200
ross.silverman@kattenlaw.com
gil.soffer@kattenlaw.com
patrick.harrigan@kattenlaw.com

MORLEY WITUS (P30895)
Barris, Sott, Denn & Driker, P.L.L.C.
211 West Fort Street, 15th Floor
Detroit, MI  48226-3281
(313) 596-9308
mwitus@bsdd.com

Attorneys for Plaintiff State Farm Fire and Casualty Company

Dated:  July 11, 2011

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| State Farm Fire And Casualty Company, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 2:11-cv-10710 |
| vs. | ) |
| | ) Honorable David M. Lawson |
| Derwin Sykes, Loraina Chapman, April Conway, | ) |
| Bruce Goodman, Johnnie Goodman, Sr., Johnnie | ) |
| Goodman, Jr., Linda Hunter, Lynette Hurt-Hatter, | ) |
| Kristy Jackson, Kenyatta Miller, Janel Sykes | ) |
| Loretta Turnbow, Gary Lappin, and Allied | ) |
| & Associates, Inc., | ) |
| Defendants. | ) |

**<u>BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT</u>**

Respectfully submitted,

| | |
|---|---|
| /s/ Gil M. Soffer | MORLEY WITUS (P30895) |
| ROSS O. SILVERMAN | Barris, Sott, Denn & Driker, P.L.L.C. |
| GIL M. SOFFER | 211 West Fort Street, 15th Floor |
| PATRICK C. HARRIGAN | Detroit, MI  48226-3281 |
| Katten Muchin Rosenman LLP | (313) 596-9308 |
| 525 West Monroe Street, Suite 1900 | mwitus@bsdd.com |
| Chicago, IL  60661-3693 | |
| (312) 902-5200 | |
| gil.soffer@kattenlaw.com | |

Attorneys for Plaintiff State Farm Fire and Casualty Company

Dated:  July 11, 2011

**ISSUE PRESENTED**

(1) Whether State Farm should be permitted to file an amended complaint that removes a cause of action and adds new factual allegations regarding the roles of Johnnie Goodman, Sr. and Johnnie Goodman, Jr. in the fraudulent scheme.

## CONTROLLING AUTHORITIES

Fed. R. Civ. P. 15(a)

*Carson v. United States Office of Special Counsel,* 633 F.3d 487 (6th Cir. 2011).

## LOCAL RULE 7.1 STATEMENT

Counsel for Plaintiff State Farm Fire & Casualty Company ("State Farm") attempted to obtain concurrence in the relief requested herein. Counsel for Plaintiff explained the nature of the motion and its legal basis, but did not obtain concurrence from each defendant. Counsel for State Farm was able to obtain concurrence from counsel for defendants Lynette Hurt-Hatter and Loraina Chapman, but counsel for defendants Johnnie Goodman, Sr., Bruce Goodman, and Johnnie Goodman, Jr. did not consent to the relief sought in the motion. Counsel for State Farm was unable to conduct a conference with any other defendant despite diligent efforts.

**I.     Introduction**

At the recent hearing on the motions to dismiss filed by defendants Johnnie Goodman, Sr. ("Goodman Sr."), Bruce Goodman, and Johnnie Goodman, Jr. ("Goodman Jr."), the Court gave State Farm leave to file an amended complaint within fourteen days to revise the declaratory judgment claim.  During oral argument, the Court also noted that State Farm's Complaint included specific factual allegations about how certain defendants participated and acted in concert in the fraud scheme, but that the Complaint did not provide the same detail regarding two of the moving parties, namely Goodman Sr. and Goodman Jr.

State Farm intends to withdraw its declaratory judgment claim, as reflected in the Proposed Amended Complaint ("Proposed Complaint") attached hereto as Exhibit 1.  Also, though still of the view that the Complaint states claims for fraud and unjust enrichment against Goodman Sr. and Goodman Jr., State Farm is mindful of the concerns expressed by the Court about those allegations. State Farm therefore seeks leave to amend its complaint beyond the withdrawal of the declaratory judgment claim, and to add further, specific factual allegations concerning the roles played by Goodman Sr. and Goodman Jr. in the alleged scheme.

**II.    Summary of New Allegations in the Proposed Amended Complaint**

The Proposed Complaint does not add any new parties as defendants, nor does it contain any new theories of relief.  Instead it does essentially two things.  First, it withdraws State Farm's request for declaratory relief regarding the still-active State Farm policies, which request had been denominated as Count One.  Second, in addition to making minor grammatical and other corrections, the Proposed Complaint adds several allegations and factual details about the roles of certain defendants in the fraud scheme, as discussed below.

1

The Proposed Complaint adds allegations about the defendants' concert of action, particularly defendants Goodman Jr. and Goodman Sr. Notably, the Proposed Complaint cites additional sworn testimony of a witness ("W1") who testified that defendant Derwin Sykes and Alonzo Goodman, the cousin of Bruce Goodman and Goodman Jr., were partners in the business of setting fires, and that they were "in cahoots" with defendant Gary Lappin. (Ex. 1. ¶ 35.) W1 explained that Alonzo Goodman's role in the scheme included finding or providing homes to be burned. (*Id*.)

One such house was on Baltimore Street in Flint, which Derwin Sykes burned to "do an insurance job." (*Id*. ¶ 36.) W1 testified that Derwin Sykes had arranged for another individual, Dilain Kennebrew, to submit a renter's insurance claim for the fire on Baltimore. (*Id*.) Kennebrew did in fact submit a renter's insurance claim for a fire occurring at 514 E. Baltimore. (*Id.)* Goodman Jr. owned the home on Baltimore, and he submitted a claim for the same fire. (*Id*.) Goodman Jr. also testified under oath that Goodman Sr. purchased the Baltimore house and, together with Alonzo Goodman, facilitated its rental to Kennebrew, while Bruce Goodman alerted Goodman Jr. to the fire once it occurred. (*Id*.) The Proposed Complaint goes on to describe how the Baltimore house – its ownership, insurance coverage, rental, fire, and ensuing insurance claim – typified how the Goodman family business operated: as a cohesive unit. (*Id*. ¶ 39.)

The Proposed Complaint also describes how some of the defendants attempted to profit from the scheme through businesses that they own. For example, the Proposed Complaint alleges that Bruce Goodman received thousands of dollars in the form of Alternative Living Expense payments from State Farm by serving as the short-term landlord for Janel Sykes after her home was burned. (*Id*. ¶ 40.) Similarly, the Proposed Complaint alleges that Goodman Jr. arranged for his company, Kingdom Builders Construction, to perform fire repair work after numerous homes were burned – and after being alerted to the fires by his father, Goodman Sr. One such home was the subject of a

fire claim by defendant Lynette Hurt Hatter, who endorsed thousands of dollars of checks from State Farm directly to Goodman Jr. within two days of the fire. (*Id.* ¶¶ 43-44.) The Proposed Complaint also describes how one of Goodman Jr.'s other businesses, an entity named the "Church at Flint," has been involved in over forty recent real estate transactions involving homes that experienced fire claims. (*Id.* ¶ 41.)

**III.   Discussion**

Under Rule 15(a), after a responsive pleading has been filed, a party must obtain leave of court to file an amended pleading. Fed. R. Civ. P. 15(a)(2). "Leave to amend must be freely given when justice so requires." *Carson v. United States Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011). A district court may nevertheless deny a motion for leave to amend a pleading "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Id*. (citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

None of the factors favoring denial of a motion for leave to amend is present here. There has been no undue delay by State Farm in filing the proposed Amended Complaint. State Farm has filed its motion within the fourteen-day period granted by the Court for amending the declaratory relief claim, and no case management or scheduling order has been set. Moreover, the parties have not yet engaged in any discovery, so none of the defendants can claim to be prejudiced by the addition of new factual allegations.

## IV.     Conclusion

For the foregoing reasons, State Farm respectfully moves the Court for leave to file the attached proposed Amended Complaint.

                                        Respectfully submitted,

                                        /s/ GIL M. SOFFER
                                        ROSS O. SILVERMAN
                                        GIL M. SOFFER
                                        PATRICK C. HARRIGAN
                                        Katten Muchin Rosenman LLP
                                        525 West Monroe Street, Suite 1900
                                        Chicago, IL  60661-3693
                                        (312) 902-5200
                                        ross.silverman@kattenlaw.com
                                        gil.soffer@kattenlaw.com
                                        patrick.harrigan@kattenlaw.com

                                        MORLEY WITUS (P30895)
                                        Barris, Sott, Denn & Driker, P.L.L.C.
                                        211 West Fort Street, 15th Floor
                                        Detroit, MI  48226-3281
                                        (313) 596-9308
                                        mwitus@bsdd.com

                                        Attorneys for Plaintiff State Farm Fire and Casualty Company

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

I further certify that I have deposited in the U.S. Mail, postage prepaid, a copy of the foregoing paper to be served on the following parties who are not registered with the CM/ECF system:

| | |
|---|---|
| Loretta Turnbow | April Conway |
| 4017 Burges | 3030 West Parkway Ave. |
| Flint, MI 48504 | Flint, MI 48504 |

/s/ PATRICK C. HARRIGAN
ROSS O. SILVERMAN
GIL M. SOFFER
PATRICK C. HARRIGAN
Katten Muchin Rosenman LLP
525 West Monroe Street, Suite 1900
Chicago, IL  60661-3693
(312) 902-5200
gil.soffer@kattenlaw.com
patrick.harrigan@kattenlaw.com

/50649881