# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

STATE FARM FIRE AND CASUALTY COMPANY,

     Plaintiff,

-vs-

DERWIN SYKES, LORAINA CHAPMAN,
APRIL CONWAY, BRUCE GOODMAN,
JOHNNIE GOODMAN, SR., JOHNNIE GOODMAN, JR.,
LINDA HUNTER, LYNETTE HURT-HATTER,
KRISTY JACKSON, KENYATTA MILLER,
JANEL SYKES, LORETTA TURNBOW, GARY LAPPIN
and ALLIED & ASSOCIATES, INC.

     Defendants.

CASE NO: 2:11-cv-10710-DML-MJH

HON. DAVID M. LAWSON

/

## DEFENDANT JOHNNIE GOODMAN, SR.'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Defendants, JOHNNIE GOODMAN, SR., by and through his attorneys, LOYST FLETCHER, JR. & ASSOCIATES, by LOYST FLETCHER, JR., and in response to Plaintiff's Motion for Leave to File An Amended Complaint, rely upon the accompanying brief which is incorporated herein.

Respectfully Submitted:

LOYST FLETCHER, JR. & ASSOCIATES

Dated: July 25, 2011

/s/ LOYST FLETCHER, JR.     /
LOYST FLETCHER, JR. (P29799)
Attorneys for Defendants Bruce Goodman
and Johnnie Goodman, Sr.
718 Beach Street
Flint, MI 48502-1105
(810) 238-4410
fletcherwolfjc@msn.com

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

STATE FARM FIRE AND CASUALTY COMPANY,

      Plaintiff,

-vs-                                CASE NO: 2:11-cv-10710-DML-MJH

DERWIN SYKES, LORAINA CHAPMAN,      HON. DAVID M. LAWSON
APRIL CONWAY, BRUCE GOODMAN,
JOHNNIE GOODMAN, SR.,  JOHNNIE GOODMAN, JR.,
LINDA HUNTER,  LYNETTE HURT-HATTER,
KRISTY JACKSON,  KENYATTA MILLER,
JANEL SYKES, LORETTA TURNBOW, GARY LAPPIN
and ALLIED & ASSOCIATES, INC.

      Defendants.

                                                           /

## BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Respectfully Submitted:

LOYST FLETCHER, JR. & ASSOCIATES

Dated: July 25, 2011

/s/ LOYST FLETCHER, JR.          /
LOYST FLETCHER, JR. (P29799)
Attorneys for Defendants Bruce Goodman
and Johnnie Goodman, Sr.
718 Beach Street
Flint, MI 48502-1105
(810) 238-4410
fletcherwolfjc@msn.com

## TABLE OF CONTENTS

**Page**

INDEX OF AUTHORITIES ................................................................................ iii

STATEMENT OF THE ISSUE PRESENTED ...................................................... iv

I.     INTRODUCTION/THE COMPLAINT AND ALLEGED FACTS................. 1

II.    LEGAL ARGUMENT ................................................................................ 1

III.   CONCLUSION/REQUESTED RELIEF ................................................... 2

## <u>INDEX OF AUTHORITIES</u>

**<u>Page</u>**

### <u>Case</u>

*Bell Atlantic Corp. v. Trombly,* 550 U.S. 544, 557 (2007)

### <u>Rules</u>

Fed R. Civ. P. 12(b)(6)................................................................................. 1, 2

Fed R. Civ. P. 9(b) ..................................................................................... 1, 2

## STATEMENT OF THE ISSUE PRESENTED

Whether State Farm should be permitted to file an amended complaint where the information in the amended complaint was known to State Farm at the time the original complaint was filed and where State Farm is obviously engaging in a deliberate scheme, using its extremely superior financial status to increase the cost of litigation against the numerous Defendants that are financially weak and cannot afford to defend another motion designed to take advantage of the Defendants based on the power of money and not the merits of the claim.

## I. INTRODUCTION

Plaintiff's Motion to Amend does nothing more than add allegations to their original complaint by identifying witness one (1) and witness (2), then draws the same conclusionary allegation against Johnnie Goodman, Sr. Johnnie Goodman, Sr. relies on the Brief previously filed and to the extent of those new allegations as to Johnnie Goodman, Sr., state they are conclusionary and do not meet the requirements of 12(b)(6) or 9(b). Further, if the Court is inclined to allow this amendment, cost should be awarded to prevent the might of the mighty, mighty insurance company's unlimited resources from taking advantage, through legal pleadings, by pleading facts that were well-known at the time of the filing of the original complaint.

## II. LEGAL ARGUMENT

Defendant Johnnie Goodman, Sr. is not unmindful that amendments should be liberetely allowed. Defendant Goodman, Sr. under the circumstance request this Court to review the alleged amended pleading as to Goodman, Sr. The pleading does nothing more than add additional conclusionary allegations without any allegation to support the conclusion. Additionally, Plaintiff was in possession of the alleged witness statement at the time of the filing of the original complaint and should not be allowed a "Free Go".

1

## CONCLUSION/RELIEF REQUESTED

Accordingly, Defendant Goodman, Sr. would renew his motion under 12(b)(6) and 9(b), and further request cost in the amount of $750.00 for having to respond to this Motion.

Respectfully Submitted:

LOYST FLETCHER, JR. & ASSOCIATES

Dated: July 25, 2011

/s/ LOYST FLETCHER, JR.                    /
LOYST FLETCHER, JR. (P29799)
Attorneys for Defendants Bruce Goodman
and Johnnie Goodman, Sr.
718 Beach Street
Flint, MI 48502-1105
(810) 238-4410
fletcherwolfjc@msn.com

## CERTIFICATE OF SERVICE

**LOYST FLETCHER, JR.,** states that on the 25th day of July, 2011, I electronically filed the foregoing documents with the Clerk of the Court using the ECF system, which will send notification of such filing.

/S/LOYST FLETCHER, JR.
LOYST FLETCHER, JR. (P29799)
Attorney for Defendants Bruce
Goodman & Johnnie Goodman, Sr.
718 Beach Street
Flint, MI 48502-1105
(810) 238-4410
fletcherwolfjc@msn.com